**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––––––––––

**No. 23-1102**

––––––––––––––––––

ALEXI ORTIZ,

        Plaintiff - Appellee,

    v.

MICHAEL L. HIGGS, Director, State Department of Assessments & Taxation, officially as both a state and local official, and/or individually,

        Defendant - Appellant,

    and

PRINCE GEORGE'S COUNTY, MARYLAND; STEPHEN J. MCGIBBON, in his official capacity as Director, Prince George's County Department of Finance,

        Defendants.

––––––––––––––––––

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Ajmel Ahsen Quereshi, Magistrate Judge.  (8:21-cv-01169-AAQ)

––––––––––––––––––

Submitted:  August 14, 2023                Decided:  November 29, 2023

––––––––––––––––––

Before RICHARDSON and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

––––––––––––––––––

Reversed and remanded with instructions by unpublished per curiam opinion.

––––––––––––––––––

**ON BRIEF:** Anthony G. Brown, Attorney General, Ryan R. Dietrich, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellant.  Michael A. Ostroff, MONTERO LAW GROUP, LLC, Silver Spring, Maryland, for Appellee.

------

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexi Ortiz brought the underlying 42 U.S.C. § 1983 action against Prince George's County, Maryland ("PGC"); Michael L. Higgs, Director of the Maryland State Department of Assessments and Taxation ("SDAT"), "acting in his capacity as a local official"; and Stephen J. McGibbon, in his official capacity as Director of PGC's Department of Finance. Higgs filed a motion to dismiss or, in the alternative, for summary judgment, on Ortiz's claims against him, invoking Eleventh Amendment immunity. The magistrate judge found that dismissal was unwarranted because Higgs was sued only in his official capacity as a local official ("official local capacity claim") and, thus, Higgs was not protected by Eleventh Amendment immunity. The magistrate judge also denied, without prejudice, Higgs' motion to the extent Higgs sought summary judgment on the official local capacity claim, but explained that the issue could be raised again after discovery was complete. Higgs timely appealed the denial of his motion to dismiss. We reverse and remand with instructions to dismiss for lack of jurisdiction.

This court may exercise jurisdiction only over final judgements and certain interlocutory and collateral orders. 28 U.S.C. §§ 1291, 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). A district court order denying a state official's motion to dismiss based on Eleventh Amendment immunity is generally an immediately-appealable collateral order. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Thus, we have jurisdiction to consider Higgs' challenge to the magistrate judge's decision rejecting Higgs' invocation of Eleventh Amendment immunity.

3

It is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity also extends to state agencies and other government entities properly characterized as "arm[s] of the State." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1997). And state officers acting in their official capacity are likewise entitled to Eleventh Amendment immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, "[a]s such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

We conclude that the magistrate judge erred in holding that Higgs is not entitled to Eleventh Amendment immunity. Higgs is the Director of the Maryland SDAT, which, as he persuasively explains (and Ortiz does not dispute), is an arm of the state entitled to sovereign immunity. *See Ram Ditta v. Md. Nat'l Cap. Park & Plan. Comm'n*, 822 F.2d 456, 457–58 (4th Cir. 1987) (identifying an arm of the state by considering "whether the state treasury will be responsible for paying any judgement that might be awarded," "whether the entity exercises a significant degree of autonomy from the state, whether [the entity] is involved with local versus statewide concerns, and how [the entity] is treated as a matter of state law"); *see also Marquardt v. Supervisor of Dep't of Assessments and Taxation*, 195 F. Supp. 2d 706, 710 n.6 (D. Md. 2002) (holding that the SDAT is an arm of the state). What Ortiz describes as "local" duties are really statewide duties that Higgs carries out as a state officer. *See, e.g.*, Md. Code, Tax-Prop. §§ 2-201, 2-202, 2-210. He therefore is entitled to Eleventh Amendment immunity when sued in his official capacity.

4

Based on the foregoing, we reverse and remand with instructions to dismiss for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REVERSED AND REMANDED WITH INSTRUCTIONS*